UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DOMINION EXPLORATION** <br> **& PRODUCTION, INC., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 07-9492** |
| **DELMAR SYSTEMS, INC., ET AL.** | **SECTION "L" (1)** |

## ORDER & REASONS

Before the Court is the defendant Delmar Systems, Inc.'s Motion for Partial Summary Judgment (Rec. Doc. 17). The Court heard oral argument and took the motion under submission. For the following reasons, Delmar's motion will be DENIED at this time, reserving to Delmar the right to re-file the motion at a later date.

### I.   BACKGROUND

Dominion Exploration & Production, Inc., Hydro Gulf of Mexico, L.L.C., and Anadarko Petroleum Corporation ("plaintiffs") are companies in the oil and gas exploration business and are joint owners of a certain well located in DeSoto Canyon Block 618, San Jacinto Project, on the Outer Continental Shelf off the coast of Louisiana. Effective December 5, 2005, the plaintiffs entered into a master service contract with Delmar Systems, Inc., pursuant to which Delmar was to provide a mooring system at the plaintiffs' well for a semi-submersible drilling rig. Pursuant to the contract, Delmar began to preset a mooring system on-site at the well in September 2006. The semi-submersible drilling rig hired by the plaintiffs, the AMOS RUNNER, arrived at the well in March 2007 and was tethered to the mooring system.

The plaintiffs allege that on or about April 24, 2007, one of the nine polyester mooring

ropes used to secure the AMOS RUNNER failed, causing the mooring system to be "under repair" and "unusable" until June 16, 2007.  On December 13, 2007, the plaintiffs filed suit in this Court against Delmar and the manufacturer of the rope, Cordoaria Sao Leopoldo, S.A.  In their amended complaint, filed on February 15, 2008, the plaintiffs assert claims for breach of warranty, breach of contract, strict products liability, negligence, and unjust enrichment.  The plaintiffs seek $50 million for property damage, increased expenses and incidental costs, cost of repairs, damage to the well, delays in production, loss of production, legal fees, and other incidental damages.  Delmar answered the plaintiffs' amended complaint on March 31, 2008 and asserted counterclaims against the plaintiffs for breach of contract and for indemnity.  Cordoaria has yet to file an answer.

## II.     PRESENT MOTION

On April 3, 2008, three days after it filed its answer and counterclaims, Delmar moved for partial summary judgment.  Delmar asks the Court to dismiss the bulk of the plaintiffs' claims, arguing that the master service contract precludes any claims for damages beyond the "exclusive remedies" set forth in paragraph 14(d) of the contract.  Delmar contends that under the contract, the plaintiffs have waived all claims for consequential damages and have also agreed to hold Delmar harmless from and against all claims for damages to property owned, chartered, leased, or borrowed by plaintiffs arising directly or indirectly out of the work to be performed by Delmar.  Delmar also seeks summary judgment on its counterclaims.

 The plaintiffs argue that Delmar's motion is premature because Cordoria has yet to file responsive pleadings and because no discovery has taken place to date.  Moreover, the plaintiffs argue that at this early stage of the litigation, genuine factual disputes exist with regard to the nature of the alleged damages and, thus, whether the contractual provisions relied upon by

Delmar in fact bar their various claims. In addition, the plaintiffs argue that factual disputes exist regarding whether or not they breached the contract and, thus, that summary judgment on Delmar's counterclaims is also inappropriate at this time.

### III.     LAW & ANALYSIS

Summary judgment is only appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When considering a motion for summary judgment, the district court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986). "A factual dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. A fact is 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989). If the party moving for summary judgment demonstrates the absence of a genuine issue of material fact "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).

The Court agrees with the plaintiffs that, without further factual development, it cannot be determined at this time whether the master service contract precludes any of the plaintiffs' claims or whether the plaintiffs breached the contract. While some preliminary discovery is necessary to develop these issues, the Court will reserve to Delmar the right to re-file its motion at an appropriate time in the future. The Court makes no ruling on the validity of Delmar's arguments, but merely feels that its motion is premature.

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Delmar's Motion for Partial Summary Judgment (Rec. Doc. 17) is DENIED at this time, reserving to Delmar the right to re-file the motion at a later date.

New Orleans, Louisiana, this 27th day of May, 2008.

_____
UNITED STATES DISTRICT JUDGE