UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DOMINION EXPLORATION & PRODUCTION, INC., ET AL. | CIVIL ACTION |
| VERSUS | NO. 07-9492 |
| DELMAR SYSTEMS, INC. AND CORDOARIA SAO LEOPLODO, S.A. | SECTION "C" (1) |

**ORDER AND REASONS** [1]

Before the Court is a Motion for New Trial and/or Reconsideration filed by Dominion Exploration & Production, Inc., Statoilhydro USA E&P, Inc., and Andarko Petroleum Corporation (collectively "plaintiffs"). The defendant Cordoaria São Leopoldo, S.A. ("Cordoaria") opposes the motion. The motion is before the Court on the briefs, without oral argument. Having considered the memoranda of counsel, the record and the applicable law, the Court finds that the plaintiffs' motion is **DENIED**.

**I. Standard of Review**

Alteration or amendment of a previous ruling under Rule 59(e) "calls into question the correctness of a judgment." Tremplet v. HydroChem Inc., 367 F.3d 473, 478 (5th Cir. 2004). This specific motion serves "the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations omitted). As such, it must be used sparingly. Clancy v. Employers

---

[1] Michelle E. Durieux-Oquendo, a third-year law student, assisted in the preparation of this order.

1

Health Ins. Co., 101 F. Supp.2d 463, 465 (E.D. La. 2000).  It is the duty of this Court to strike a balance between the need to bring litigation to an end and the importance of rendering just decisions. Tremplet, 367 F.3d at 479 (citations omitted).

**II. Analysis**

A. Managing Agent

In its previous order, this Court found that absent an employment relationship or proof of any other relationship between Schmidt and Cordoaria, Schmidt could not be found to be a managing agent. Dominion Exploration & Prod. v. Delmar Sys, Inc., No. 07-9492, 2008 WL 4809453, at * 6 (D.La. Nov. 3, 2008). The plaintiffs predicate the Court's mistake of law on the proposition that continuous employment is not a requirement for a person to be a managing agent. (Rec. Doc. 65).  This Court finds that even if that were the case, the plaintiffs have not produced evidence that would allow this Court to find that Schmidt is a managing agent of Cordoaria.  The plaintiffs have failed to establish what duties Cordoaria assigned to Schmidt that would warrant a finding that he is a managing agent within the meaning of Fed. R. Civ. P. 4.

A managing agent is person that has been vested with authority to act on behalf of the principal. See Lone Star Package Car. Co. v. Baltimore & O.R. Co., 212 F.2d 147, 152 (5th Cir. 1954).  The circuit courts agree that a managing agent must be endowed by the principal with the "managerial authority" that allows him to make decisions on behalf of the corporation. Id.; Dodco Inc. v. Am. Bonding Co., 7 F.3d 1387, 1389 (8th Cir. 1993); Jennings v. McCall Corp., 320 F.2d 64, 66,72 (8th Cir. 1963); Harris v. Gland-O-Lac Co., 211 F.2d 238 (6th Cir. 1954).  For instance, in Lone Star Package Car. Co. the court noted that "[i]f a corporation's business is so substantial as

2

to render the corporation amenable to suit in the state, its principal agent in charge of activities within that state meets the test of 'managing agent'. Lone Star Package Car. Co., 212 F.2d at 152.

The plaintiffs acknowledge that the only evidence before this Court indicates that, on the day service was attempted, Schmidt presented a business card to the plaintiffs' representatives and attended a meeting in which pending litigation was discussed. (Rec. Doc. 65, p. 4). The plaintiffs believe that these facts, standing alone, demonstrate that Schmidt was a managing agent within the definition of Fed. R. Civ. P. 4. The Court disagrees with this contention. The plaintiffs are unable to furnish, and this Court does not know of any case, where a person without any connection to a corporation has been found to be an agent based on his unilateral actions.

The only evidence proffered by the plaintiffs are the acts undertaken by Schmidt at the OTC Fair, which in no way prove the existence of an agency relationship. (Rec. Doc. 65, p.4). The plaintiffs cite several cases where independent contractors have been found to be "managing agents." Goldber v. Mutual Readers League, Inc., 195 F.Supp. 778 (D.C. Pa. 1961); Raul Inter. Corp. v. NuEra Gear Corp., 28 F.R.D. 368 (S.D.N.Y. 1961). In NuEra Gear Corp. the court found that an independent contractor was a managing agent since the corporation's business activities were carried on through the agent. NuEra Gear Corp., 28 F.R.D. at 372. In such a case, the independent contractor maintains a relationship with the corporation. Id. This relationship would give the corporation reason to know or be alert to the possibility that the independent contractor can act on its behalf. To the contrary, in the case at bar, the evidence that Schmidt produced a business card and attended a meeting is not sufficient to overcome the fact that the employment relationship between Schmidt and Cordoaria had terminated by that time. Employment was the only relationship that has been demonstrated to have existed between Schmidt and Cordoaria. Delmar

Sys., 2008 WL 4809453, at * 6. If another relationship existed it is the plaintiffs' burden to furnish proof to that effect.

In its Reply to Cordoaria's Opposition to the Motion for New Trial and/or Reconsideration the plaintiffs ask several questions regarding the relationship between Cordoaria and Schmidt. (Rec. Doc. 70, p. 2). However, it is not the duty of either the Court or the defendant to answer those questions. The plaintiffs' have the burden to demonstrate facts that support a finding of jurisdiction. Mattel Inc. v. Greiner & Hauser GMHB, 354 F.3d 857, 864 (9th Cir. 2003)[2]. The plaintiffs cannot expect the Court to guess whether the person served was a managing agent or not. The plaintiffs must assume their burden and demonstrate facts that show that Schmidt was a managing agent, otherwise, the Court is bound to dismiss the action for defective service of process. The Court appreciates the fact that service process upon a foreign corporation may be a burdensome task; however, this does not provide grounds for the Court to overlook the rules and exercise jurisdiction in contravention of due process.

B. International Sales Manager

The plaintiffs also allege in their motion that since the evidence that establishes that Schmidt was an international sales manager is uncontested the Court must assume its truthfulness. Mattel v. Greiner & Hausser GMBH, 354 F.3d 857, 862 (9th Cir. 2003). This Court disagrees with the plaintiffs conclusion that the evidence is uncontested because Cordoaria, in its motion to dismiss, asserted that it had terminated Schmidt's employment prior to the OTC Fair. (Rec. Doc. 50, Exh. E,F,K). Cordoaria not only alleged that the employment relationship terminated but also

---

[2] According to the Ninth Circuit, the plaintiffs must make a prima facie showing of jurisdiction and that requires the plaintiffs to "demonstrate facts that, if true, would support jurisdiction over the defendant." Mattel,354 F.3d at 864.

4

offered sworn declarations in support of this allegation. (Rec. Doc. 50, Exh. E,K). Cordoaria also supported this allegation by furnishing a copy of a service contract between CSL Offshore and Schmidt in which Schmidt became an independent contractor for CSL Offshore. (Rec. Doc. 50, Exh. F). As such, the plaintiffs are mistaken in concluding that evidence set forth by them is uncontested.

According to the Ninth Circuit the plaintiffs' version of the fact is to be taken as true "unless directly contravened . . . and conflicts between the facts submitted by the two sides must be resolved in . . . [ the plaintiff's] favor . . .." Mattel v. Greiner & Hausser GMBH, 354 F.3d 857, 862 (9th Cir. 2003). In the case at bar, however, the court is unable to resolve the dispute in plaintiffs' favor because Cordoaria has produced affirmative proof that the employment relationship or status as a sales manager had terminated. (Rec. Doc. 50, Exh. E,F,K). In the face of the evidence adduced by Cordoaria, the plaintiffs are unable to substantiate their allegation that, at the time of service, Schmidt was Cordoaria's International Sales Manager. Therefore, the Court must affirm its conclusion that the plaintiffs have not made a prima facie case in support of effective service of process.

**IV. Conclusion**

For the reasons stated above,

IT IS ORDERED that the plaintiffs motion for reconsideration and/or new trial is DENIED. (Rec. Doc. 65).

New Orleans, Louisiana, this 13th day of March 2009.

Helen G. Berrigan
United States District Judge